## Case No. 9,600.

### MILLETT v. SNOWDEN.

[1 West. Law J. 240.]

Circuit Court, S. D. New York. 1844.

COPYRIGHT—MUSIC—STATUTORY PENALTY FOR INFRINGEMENT—INTENTION.

[The publisher of a newspaper who printed therein a piece of music which had been copyrighted is liable for the statutory penalty for infringement of one dollar per sheet, although he knew nothing of the copyright, and copied the music from another newspaper.]

The plaintiff [William E. Millett] obtained a copyright for a piece of music called "The Cot Beneath the Hill, a Ballad.—Poetry by James F. Otis, Esq.," and now seeks to recover the penalty, as provided by statute, of one dollar per sheet for violation thereof. He charges that [William E.] Snowden, in the June number of the Ladies' Companion, published such piece of music, &c. The defendant proved that the music had been copied from a Boston paper by the young man having charge of that department in the Ladies' Companion, and that neither said young man nor Mr. Snowden knew of its being copyrighted, and that the music was changed in a trifling degree from the original. He also offered to prove that the words to which the music was set never belonged to plaintiff, and that he (defendant) had no intention of infringing the copyright.

Before BETTS, District Judge.

THE COURT, in its charge, stated that intention could not be taken into view. If a

copyright has been invaded, whether the party knew it was copyrighted or not, he is liable to the penalty. As to its being different from the original, in music, as in writing, the omission of a word or line or paragraph could not change it so as to avoid the statute. The poetry, in this instance, could not affect the result, as the copyright was for the music. A defendant is at liberty to show that the work copyrighted was not original with plaintiff, or that it was an abbreviation or alteration, and the jury could determine whether it was calculated to infringe the copyright or not. In cases of patents, the jury is at liberty to assess damages, but not in violation of copyright. The penalty in the latter is fixed by law. The jury, if they consider that defendant has republished without leave obtained in writing from plaintiff, must proceed to ascertain the number of sheets proved to have been sold, or offered for sale (not the number printed), and return a verdict of one dollar for each sheet so sold or offered to be sold.

Verdict for plaintiff, $625.